**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

               v.                                   **1:07-CR-202**
                                                        **(FJS)**

**JAMES HOLLAND,**

                           **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924<br>Attorneys for the United States | **GRANT C. JAQUITH, AUSA** |
| **CASTILLO & ASSOCIATES**<br>817 Madison Avenue<br>Albany, New York 12208-3302<br>Attorneys for Defendant | **GASPAR M. CASTILLO, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

       On April 24, 2007, pursuant to an Agreement between the parties, Defendant "enter[ed] a plea of guilty to a one-count Information charging him with wrongfully and unlawfully failing to establish and maintain adequate and accurate case histories on patients participating in drug studies for which he was the principal investigator, a misdemeanor violation of 21 U.S.C. §§ 331(e) and 333(a)(1)." *See* Dkt. No. 2, Plea Agreement, at ¶ 1.

On June 23 and 24, 2008, the Court held a sentencing hearing regarding the issue of whether the Court should grant the Government's motion for an upward departure pursuant to Application Note 3(A) to United States Sentencing Guideline § 2N2.1.  The following constitutes the Court's written resolution of that motion.

Application Note 3(A) to U.S.S.G. § 2N2.1 provides that "an upward departure **may** be warranted [if] (A) Death . . . result[s]" from a regulatory offense.  U.S.S.G. § 2N2.1 n. 3 (emphasis added).  Furthermore, Guideline § 5K2.1, which governs departures under these circumstances, provides that, "[i]f death resulted, the court **may** increase the sentence above the authorized guideline range."  U.S.S.G. § 5K2.1 (emphasis added).  In deciding whether to apply § 5K2.1 and the extent of any increase under this section, the court should consider, among other things, "the defendant's state of mind," "the degree of planning or preparation," "the dangerousness of the defendant's conduct," "the extent to which death . . . was intended or knowingly risked," and "the extent to which the offense level for the offense of conviction . . . reflects the risk of personal injury."  U.S.S.G. § 5K2.1.

At the hearing, the Court heard the testimony of Dr. Fishman, Dr. Levinson, Dr. Baden, and Defendant.  After carefully reviewing the testimony of all of these witnesses, the Court finds that Defendant's conduct, although clearly reckless, does not show a depraved indifference to human life.  Moreover, although the base offense level for Defendant's offense of conviction does not reflect the risk of death, there is no evidence that Defendant knowingly risked the life of any patient involved in the medical trials, including Mr. DiGeorgio.  Therefore, the Court finds that, under these circumstances, an upward departure is not warranted.

Accordingly, the Court hereby

**ORDERS** that the Government's motion for an upward departure pursuant to U.S.S.G. § 2N2.1, Application Note 3 is **DENIED**; and the Court further

**ORDERS** that the parties shall contact the Court's Courtroom Clerk, Bobbie Woodford, to schedule a date for the sentencing of Defendant.

**IT IS SO ORDERED.**

Dated: December 5, 2008
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge